ANGELO STROLLO, PLAINTIFF-APPELLANT, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, A BODY CORPORATE, AND A. CHESTER CONROW, DEFENDANTS-RESPONDENTS.

Submitted May 2, 1939—Decided July 17, 1939.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the plaintiff-appellant, *Parsons, Labrecque & Borden* (*Theodore D. Parsons,* of counsel).

For the defendants-respondents, *Autenrieth & Worlendyke.*

The opinion of the court was delivered by

Porter, J. This appeal is from a judgment of nonsuit in favor of both respondents. The action was for slander. It was alleged that the respondent Conrow was employed as general manager of the respondent Jersey Central Power and Light Co., and that while so acting had slandered appellant by charging him with "stealing juice from the Jersey Central" and with duly publishing such defamatory words.

The complaint fixes the time of the commission of this offense as between May 29th, 1936, and June 6th, 1936. A bill of particulars was demanded which gave the date as May 29th, 1936. An examination of the proofs satisfies us that the appellant failed to establish his case.

There was testimony that the appellant was a user of electric current furnished by the respondent company; that his meter had been removed by the company and that statements had been made by employes of the company, including respondent Conrow, that the meter had been tampered with. But we perceive no testimony of any such defamatory words as are charged to have been made by Conrow at any time. It was established that Conrow discussed the removal of the meter with one Herr. This was done in a casual conversation during a luncheon meeting on May 29th, 1936. It appears that Herr was manager for a company by whom the appellant was employed. Both Conrow and Herr were called as witnesses by the appellant and questioned as to the conversation between them at the luncheon mentioned. From their testimony it appears that appellant had called at the office of the respondent company and made violent threats concerning the removal of his meter and that Conrow told Herr of that incident and also that the meter seals had been broken and the

meter tampered with. That, in our view, is not sufficient to raise any factual issue for the jury under the charge in the complaint. No *prima facie* case was presented therefore, against either of the respondents.

There was an attempt by appellant to prove other alleged slanderous statements made by employes of respondent company at times other than between May 29th and June 6th. The trial court sustained objections to this line of testimony, which ruling is attacked as being erroneous.

We think not. The effect of the bill of particulars was to limit proof to the specific matters contained therein. Moreover, these events were alleged to have occurred about two years before the time of the trial and we conclude that the variances were material and prejudicial to the respondents under the circumstances.

The judgment will be affirmed.